UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

    v.                                                 CAUSE NO. 3:23-CV-406-DRL-MGG

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for a preliminary injunction, asking the court to order that he be provided with constitutionally adequate exercise during a lockdown. ECF 4. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotations omitted).

Here, the preliminary injunction will be denied because Mr. Mayberry has not established that he is likely to succeed on the merits.

Mr. Mayberry initiated this case about a month after Indiana State Prison went on lockdown after a prisoner attacked his job supervisor on April 10, 2023, ultimately leading to that staff member's death. ECF 2 at 2. He alleges that the responsible prisoner was taken into custody that same day and was soon transferred to a different facility, but the lockdown continued. *Id.* Mr. Mayberry contends that he is confined to his cell, which measures approximately 6′ x 6′ x 8′, except for twice a week when he is allowed to shower. *Id.* at 2-3. He complains that the furniture in his room—a bunk, a toilet/sink assembly, and a metal storage box—takes up most of the space in the cell, leaving insufficient room for him to exercise in his cell. *Id.* at 3. As a result, Mr. Mayberry alleges that he suffers from stress, muscle cramps, bed sores, severe headaches, muscle spasms, congestive issues from poor ventilation, hair loss, depression, misery, and mental and physical deterioration. *Id.* at 5. He contends that the lockdown and denial of exercise was done as punishment for the assault on staff and not for a legitimate penological interest. *Id.* at 4.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment

2

only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

"A deprivation of exercise that prison officials expect will likely result in severe health problems may violate the Eighth Amendment, unless the deprivation is proportionate to a legitimate penological purpose." *Pyles v. Spiller*, 708 F. App'x 279, 282 (7th Cir. 2017). In general, "a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." *Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (quoting *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). That rule is qualified by the "norm of proportionality," which provides that "[e]ven a lockdown not exceeding 90 days could violate that norm if it were 'imposed for some utterly trivial infraction of the prison's disciplinary rules.'" *Id.* at 652 (quoting *Pearson*, 237 at 886) (brackets and ellipses omitted).

Here, the death of a staff member at the hands of an inmate is not a trivial infraction. Although Mr. Mayberry argues that the continued lockdown became unnecessary after the responsible inmate was identified, lockdowns can be instituted for reasons other than identifying the people responsible for committing a violation. *See, e.g.*, *Pyles*, 708 F. Appx. at 280 (systematic facility-wide searches for weapons and other contraband during lockdown following inmates' attack on correctional officers); *Delaney v. Detella*, 256 F.3d 679, 682 (7th Cir. 2001) (lockdown imposed to review security measures, conduct shakedown of inmates, and redesign prisoner cells); *Caldwell v. Miller*, 790 F.2d 589, 596 (7th Cir. 1986) (following death of prisoner and two guards, lockdown instituted to "review the mission, security and operation procedures at the prison"). This

is not to say the specific lockdown at Indiana State Prison is justified by one of these reasons. Rather, these examples demonstrate that Mr. Mayberry has not plausibly alleged that the month-long lockdown here violates the Eighth Amendment just because he believes it should have ended once the prisoner who carried out the attack was identified and moved.

In his complaint, Mr. Mayberry includes allegations concerning more than just the denial of exercise. However, before the court will screen the complaint to determine if it states a claim for relief, Mr. Mayberry must resolve his filing fee status. He filed a motion for leave to proceed *in forma pauperis*, but did not attach a current copy of his inmate trust fund ledgers. Instead, he submitted ledgers for the two-and-a-half month period from November 10, 2022, through January 23, 2023, omitting the almost four-month period preceding the filing of the complaint in May 2023. *See* ECF 3. To proceed, he must file a current copy of his inmate trust fund ledger detailing his transactions for the past six months.

Finally, Mr. Mayberry moves for class certification, seeking to bring this case on behalf of all similarly situated prisoners at Indiana State Prison. ECF 5. To be certified as a class, Mr. Mayberry must first satisfy the four elements in Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). Then, the case must fall under one of the conditions specified in Rule 23(b). *See* Fed. R. Civ. P. 23(a), (b); *Lacy v. Cook Cnty.*, 897 F.3d 847, 864 (7th Cir. 2018). Here, Mr. Mayberry cannot satisfy the element of adequacy of representation because as a nonlawyer, he cannot represent the other potential members

4

of the class. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis omitted). Therefore, this motion will be denied.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 4);

(2) DENIES the motion for class certification (ECF 5);

(3) GRANTS Timothy Marcus Mayberry until **July 13, 2023**, to resolve his filing fee status; and

(4) CAUTIONS him if he does not respond by the deadline, this case may be dismissed without further notice.

SO ORDERED.

June 12, 2023                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court